CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 4 2018

JULIA A. DUDLEY, CLERK
BY: *signature*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TAMEISHA M., o/b/o<br>T.M., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:17CV00127 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Tameisha M. filed this action on behalf of her son, T.M., challenging the final

decision of the Commissioner of Social Security denying plaintiff's claim for child's supplemental

security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(d).

Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c)(3), which incorporates

§ 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

By order entered September 7, 2017, the court referred this case to a United States

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 8, 2018, the magistrate judge

submitted a report in which he recommends that the Commissioner's final decision be affirmed.

Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the

court's consideration.

This court is charged with performing a de novo review of the magistrate judge's report

and recommendation. See 28 U.S.C. § 636(b)(1). In the instant case, the court's review is

limited to a determination as to whether the Commissioner's final decision is supported by

substantial evidence, or whether there is "good cause" to necessitate remanding the case to the

Commissioner for further consideration. See 42 U.S.C. § 405(g).

On May 14, 2012, Tameisha M. filed an application for child's supplemental security income benefits on behalf of T.M.[1]  In filing the application, plaintiff alleged that he had been disabled since January 2, 2004 (his date of birth), due to asthma, allergies, attention deficit hyperactivity disorder (ADHD), thalassemia, and anger issues.  (Tr. 213).  Plaintiff's claim was denied upon initial consideration and reconsideration.  He then requested and received a de novo hearing and review before an Administrative Law Judge.  In an opinion dated August 17, 2015, the Law Judge also concluded that plaintiff is not entitled to child's supplemental security income benefits.  The Law Judge found that plaintiff suffers from several severe impairments, including ADHD, asthma, thalassemia and anemia, and insomnia, but that none of the conditions meet or medically equal the severity of a listed impairment.  (Tr. 15).  The Law Judge determined that plaintiff has experienced a "marked" limitation in his ability to acquire and use information since the beginning of the 2015 school year.  (Tr. 20).  However, in all other respects, the Law Judge found that plaintiff's limitations are less than marked.  Thus, the Law Judge found that plaintiff's impairments are not functionally equivalent in severity to any listed impairment.  Accordingly, the Law Judge concluded that plaintiff is not disabled, and that he is not entitled to child's supplemental security income benefits.  See generally 20 C.F.R. § 416.924.  The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council.  Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

A child is disabled within the meaning of the Social Security Act if he has a "physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.

---

[1] For purposes of consistency and clarity, T.M. shall hereinafter be referred to as the plaintiff in this case.

§ 1382c(a)(3)(C)(i). Under the applicable regulations, the determination of whether a child meets this definition is determined via a three-step inquiry. 20 C.F.R. § 416.924. The first determination is whether the child is working and performing substantial gainful activity. Id. § 416.924(b). If the child is not working, it must then be decided whether the child suffers from a severe impairment or combination of impairments. Id. § 416.924(c). If the child suffers from a severe impairment or combination of impairments, it must then be determined whether the child's impairment(s) meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I. Id. § 416.924(d).

To determine whether an impairment is functionally equivalent to a listed impairment, the Law Judge evaluates its severity in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Id. § 416.926a(b)(1). Functional equivalence exists if the Law Judge finds a "marked" limitation in two areas of functioning or an "extreme" limitation in one area of functioning.[2] Id. § 416.926a(d). In this case, the Law Judge concluded that plaintiff experiences a "marked" limitation in only one domain, and therefore does not qualify for supplemental security income benefits.

As previously noted, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's claim for child's supplemental security income benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that

---

[2] A "marked" limitation is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation "also means a limitation that is 'more than moderate' but 'less than extreme.'" Id. An "extreme" limitation is one that "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(3). An "extreme" limitation "also means a limitation that is 'more than marked.'" Id.

plaintiff has experienced a marked limitation in his ability to acquire and use information since the beginning of the 2015 school year, but that plaintiff's limitations are less than marked in all other areas of functioning, including the domain of attending and completing tasks.

In his objections to the report and recommendation, plaintiff argues, inter alia, that the Law Judge relied upon a 2015 teacher questionnaire in determining that the plaintiff has a marked limitation in the area of acquiring and using information, but failed to explain why he gave no weight to the portions of the same questionnaire addressing plaintiff's limitations in the area of attending and completing tasks. After reviewing the record, the court agrees with the plaintiff that the Law Judge's analysis of the second area of functioning is incomplete and precludes meaningful review. Accordingly, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

The regulations applicable to a claim for child's supplemental security income benefits recognize that school records, including reports from teachers, are "important sources of information" regarding a claimant's impairment(s) and its effects on his ability to function. 20 C.F.R. § 416.924a(b)(7). The regulations provide that, if you go to school, "we will ask your teacher(s) about your performance in your activities throughout your school day," and "[w]e will consider all the evidence we receive from your school, including teacher questionnaires . . . ." Id.

Although "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citation and internal quotation marks omitted), a "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). The United States Court of Appeals for the Fourth Circuit has explained that "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific

application of the pertinent legal requirements to the record evidence." Id. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. (citation and internal quotation marks omitted).

In this case, plaintiff's school records indicate that plaintiff was found to qualify for accommodations under § 504 of the Rehabilitation Act of 1973 in April of 2015, based on the determination that plaintiff's ADHD hinders his ability to concentrate and learn. (Tr. 299). Plaintiff's grade report for the third nine-week period of the 2015 school year reveals that plaintiff received Cs and Ds in all of his letter-graded subjects, with the exception of United States Geography. (Tr. 315). In April and May of 2015, plaintiff's fifth grade teachers completed a teacher questionnaire generated by the Social Security Administration. The teachers opined that plaintiff has "obvious" or "serious" problems in six of the ten listed activities relevant to the domain of "acquiring and using information." (Tr. 336). The teachers further opined that plaintiff has "obvious," "serious," or "very serious" problems in nine of the thirteen listed activities relevant to the domain of "attending and completing tasks." (Tr. 337).

The Law Judge seemingly relied upon the questionnaire completed by plaintiff's teachers in determining that plaintiff has experienced a marked limitation in the area of acquiring and using information since the beginning of the 2015 school year. However, the Law Judge failed to explain why he did not credit other portions of the same report, which were favorable to plaintiff, including the teachers' ratings in the domain of attending and completing tasks. Under this domain, the Law Judge considers how well the claimant is "able to focus and maintain [his] attention, and how well [he] begin[s], car[ries] through, and finish[es] [his] activities, including the pace at which [he] perform[s] activities and the ease with which [he] change[s] them." 20 C.F.R.

5

§ 416.926a(h). The regulations further provide as follows: .

> When you are of school age, you should be able to focus your
> attention in a variety of situations in order to follow directions,
> remember and organize your school materials, and complete
> classroom and homework assignments. You should be able to
> concentrate on details and not make careless mistakes in your work
> (beyond what would be expected in other children your age who do
> not have impairments). You should be able to change your
> activities or routines without distracting yourself or others, and stay
> on task and in place when appropriate. You should be able to
> sustain your attention well enough to participate in group sports,
> read by yourself, and complete family chores. You should also be
> able to complete a transition task (e.g., be ready for the school bus,
> change clothes after gym, change classrooms) without extra
> reminders and accommodation.

Id. § 416.926a(h)(2)(iv).

In determining that plaintiff has less than marked limitations in the area of attending and completing tasks, the Law Judge summarily stated that "[r]ecords pertaining even to the 2015 school year show that, compared with others, he is capable of tasks such as playing, reading, and participating at a reasonable pace," and that "[h]e is not markedly limited in these activities." (Tr. 21). The Law Judge also stated, without explanation, that the ratings noted on the 2015 teacher questionnaire are "consistent with" his determination that plaintiff has less than marked limitations in the area of attending and completing tasks. (Tr. 19). Notably, however, the Law Judge did not address the portions of the questionnaire indicating that plaintiff has an "obvious" problem with changing from one activity to another without being disruptive; "serious" problems with focusing long enough to finish an assigned activity or task, refocusing to task when necessary, working without distracting himself or others, and working at a reasonable pace; and "very serious" problems with carrying out multi-step instructions, organizing his own things or school materials, completing assignments, and completing work accurately without careless mistakes. (Tr. 337). Nor did he explain how the teachers' ratings were insufficient to establish a marked limitation in

the area of attending and completing tasks and instead supported his determination that plaintiff

has less than marked limitations in this domain. To the extent the Law Judge declined to credit

particular portions of the teacher questionnaire, he failed to provide any explanation for doing so.

For all of these reasons, the court concludes that the Law Judge failed to build an "accurate

and logical bridge" from the evidence to his conclusion that plaintiff has less than marked

limitations in the domain of attending and completing tasks. Woods v. Berryhill, 888 F.3d 686,

694 (4th Cir. 2018) (internal quotation marks omitted). Accordingly, remand is warranted. Id.;

see also United States v. Hopgood, 578 F.3d 696, 700 (7th Cir. 2009) (remanding for further

proceedings where the Law Judge "failed to explain why he did not credit portions of the record

that were favorable to [the claimant], including the teachers' reports that found [the claimant] had

serious or obvious problems in [a particular functional] domain"); Murphy v. Astrue, 496 F.3d 630,

634-35 (7th Cir. 2007) (remanding for further proceedings where the Law Judge "did not explain

why he gave no weight to the portions of the school documents which support a finding that [the

claimant] is disabled," including "evidence of his inability to attend and complete tasks"); Holland

ex rel. K.H. v. Colvin, No. 8:13-cv-01241, 2014 U.S. Dist. LEXIS 89885, at *22-27 (D. Md. July

2, 2014) (remanding for further proceedings where the Law Judge did not address or explain the

weight given to responses to a teacher questionnaire indicating that the claimant had very serious

problems in certain functional domains).

After a de novo review of the record, the court is constrained to conclude that certain of

plaintiff's objections to the magistrate judge's report must be sustained. For the reasons set forth

above, the court finds "good cause" for remand of this case to the Commissioner for further

development and consideration.[3]  See 42 U.S.C. § 405(g).  If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.   An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This ___14th___ day of September, 2018.

_____
Senior United States District Judge

---

[3] In light of the court's decision to remand the case to the Commissioner, the court declines to address plaintiff's remaining claims of error.